No. 3081

Second Circuit

---

MITCHELL MOTOR CO. v. MAXEY

---

(December 21, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Citation and Appearance—Par. 6.**
Where the petition served on defendant described the plaintiff as "E. L. Mitchell, sole proprietor and owner of the Mitchell Motor Company," the latter being a mere name under which the former conducted business, and the citation served on defendant described the plaintiff as "Mitchell Motor Company," the petition supplements the citation and the omission from the latter of the words "E. L. Mitchell, sole

proprietor and owner of the" immediately preceding the words "Mitchell Motor Company" will not render the citation invalid.
Sentille vs. M. L. & T. R. R. & S. S. Co., 9 Orleans App. 15.

2. **Louisiana Digest—Sales—Par. 10.**
One who buys a motor truck from a seller who was not the owner thereof and not authorized to sell it acquires no title thereto notwithstanding the seller had possession and represented himself to be the owner and the buyer acted in good faith.

Appeal from the Third Judicial District Court of Louisiana, Parish of Union. Hon. S. D. Pearce, Judge.

Action by Mitchell Motor Company against Forest Maxey.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

H. G. Fields, of Farmerville, attorney for plaintiff, appellee.

S. L. Digby, of Farmerville, attorney for defendant, appellant.

STATEMENT OF THE CASE
REYNOLDS, J. This is a suit to recover possession and be decreed owner of a motor truck. Under appropriate averments a writ of sequestration was issued and the truck sequestered.

Defendant excepted to the sufficiency of the citation, alleging that the petition described the plaintiff as "E. L. Mitchell, sole proprietor and owner of the Mitchell Motor Company," whereas the citation described the plaintiff as "Mitchell Motor Company" only.

The exception was overruled. Whereupon, defendant, after reserving his rights under the exception, answered that he acquired possession and ownership of the

truck from one Benton Anderson, giving him therefor another automobile and $35.00; that plaintiff had put the truck into the possession of Benton Anderson for the purpose of trading it to him or some other person; that he made the trade with Benton Anderson in good faith; and that plaintiff was estopped to repudiate the action of his agent. And he reconvened for damages as for an illegal sequestration.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant and sustaining the writ of sequestration and defendant appealed.

## OPINION

### ON THE SUFFICIENCY OF CITATION

The alleged insufficiency of the citation is in the fact that whereas in the petition served on defendant along with the citation the plaintiff is described as "E. L. Mitchell, sole proprietor and owner of the Mitchell Motor Company" in the citation itself he is described only as "Mitchell Motor Company".

Code of Practice, Article 179, Paragraph 1, prescribes that the citation must give the title of the cause but does not say what the title shall consist of. Obviously, where there are many plaintiffs or many defendants, all of them could not conveniently be included in the title; so that the title is usually what the plaintiff or clerk of court makes it, and any discrepancy between it and the petition is supplied by the latter which supplements it.

We think the exception was properly overruled.

Sentilles vs. M. L. & T. R. R. & S. S. Co., 9 Or. App. 15.

### ON THE MERITS

Defendant alleges that he purchased the truck in good faith from one into whose possession plaintiff had put it with authority to sell, but his evidence is that he traded for the automobile in the belief that the person who had it owned it.

He was asked (Evidence, page 40):

"Did you have any notice or suspicion at the time you traded (for) the truck that it would ever be claimed by Mr. Mitchell or anybody else?"

And he answered:

"No, sir; I thought it was Benton's truck."

And, again, on page 42 of the evidence.

"Q. And as a matter of fact he told you that it was his car?

"A. He told me that all the time.

"Q. Didn't you know that it was not his car?

"A. No, sir."

Under this evidence, all other evidence in the case tending to show that Benton Anderson was plaintiff's agent and authorized to sell the car, becomes irrelevant for the reason that defendant acquired the car not in the belief that he was dealing with an authorized agent of plaintiff but that Benton Anderson himself was the owner of it.

In addition to this, the evidence shows that Benton Anderson was a minor and lived in the neighborhood of defendant's residence and was not a dealer in automobiles to the knowledge of defendant and this should have aroused his suspicion as to Benton Anderson's right to sell the truck; and that it was aroused appears from the testimony of several witnesses.

Plaintiff testified (Evidence, pages 11 and 12):

"Q. You don't think for a minute that he would have traded for this truck if he had known that Mr. Anderson was not authorized to trade it? Would you?

"A. Well, I should not; I could not answer that question in any other way only as I think he would, because he admitted to my men that he suspected that this boy didn't own the truck.

"Q. Did he do that in your presence?

"A. He admitted that he figured that there was something suspicious."

Monroe White testified (Evidence, pages 30 and 31):

"Q. On that trip, did you hear Mr. Maxey say anything about his having suspected something wrong?

"A. Yes, Sir.

"Q. What did he say?

"A. He said he suspected something about the dealer license on it."

Mr. Anderson, father of Benton Anderson, testified (Evidence, page 23):

"Q. Did Mr. Maxey tell you whether or not the boy told him that he had bought the car from Bernice Motor Company or any other motor company?

"A. He told me the boy traded a Chevrolet roadster for this truck to the Bernice Motor Company.

"Q. Did he tell you that he suspected that there was something wrong?

"A. Yes, sir; he said he suspected there was something wrong."

It is clear from this testimony that defendant's suspicion was aroused as to Benton Anderson's right to dispose of the truck, and, therefore, his only right to the automobile is his purchase of it from one who did not own it, which purchase gave him no title or right to it.

The District Judge, who heard and saw the witnesses testify, gave the plaintiff judgment. We think the judgment is correct, and accordingly it is affirmed.